IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01154-BNB

CORY COOPER,

    Plaintiff,

v.

ART DUCHARME, Program Supervisor for Therapeutic Community at San Carlos
    Correctional Facility, individual and official capacities, and
DAVE BOOTH, Program Director of Therapeutic Communities for the Colorado
    Department of Corrections, individual and official capacities,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENT

    Plaintiff, Cory Cooper, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado.  He filed *pro se* a Prisoner Complaint (ECF No. 1) for money damages and declaratory relief.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe liberally the Prisoner Complaint because Mr. Cooper is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Cooper will be ordered to file a supplement to his complaint that clarifies the factual basis for his third and fourth claims.

    Mr. Cooper alleges that, despite the dismissal of disciplinary charges against him

for failure to work, Defendant Dave Booth denied him credit for the 164 days he spent in the therapeutic community program before his placement on restricted privileges status in violation of his Eighth Amendment rights to be free from cruel and unusual punishment (claim three) and his Fourteenth Amendment due process rights (claim four).  Mr. Cooper fails to explain the kind of credit he allegedly received through participation in the therapeutic community program.  He does not discuss whether these were good-time credits, earned-time credits, or some other form of credit, and how the deprivation of these credits violated his Eighth and Fourth amendment rights.  Therefore, Mr. Cooper will be directed to file a clear and concise supplement that clarifies the third and fourth claims asserted in the complaint.

Accordingly, it is

ORDERED that Plaintiff, Cory Cooper, file **within fifteen (15) days from the date of this order**, a supplement to the Prisoner Complaint that clarifies his third and four claims as discussed in this order.  It is

FURTHER ORDERED that, if Mr. Cooper fails to file a supplement that complies with this order within the time allowed, the third and fourth claims will be dismissed without further notice.

DATED May 13, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge