IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01154–RBJ–KMT

CORY COOPER,

      Plaintiff,

v.

ART DUCHARME, Program Supervisor for Therapeutic Community at San Carlos Correctional
Facility, individual and official capacities, and
DAVE BOOTH, Program Director of Therapeutic Communities for the Colorado Department of
Corrections, individual and official capacities

      Defendants.

---

## ORDER

---

      This matter is before the court on the September 26, 2013 Minute Order (Doc. No. 24)

granting Plaintiff an extension of time to file a response to Defendants' Motion to Dismiss

Complaint (Doc. No. 20), the November 6, 2013 Minute Order (Doc. No. 26) striking Plaintiff's

"Amended Prisoner's Civil Rights Complaint" (Doc. No. 25 [Am. Compl.]), and Plaintiff's

November 11, 2013 Letter (Doc. No. 27 [Nov. 11, 2013 Letter]).  For the following reasons, the

court reconsiders its September 26, 2013 and November 6, 2013 Minute Orders, reinstates

Plaintiff's Amended Complaint, and denies Defendants' Motion to Dismiss as moot.

## PROCEDURAL BACKGROUND

      Plaintiff's original "Prisoner's Civil Rights Complaint" (Doc. No. 1 [Orig. Compl.]) was

filed on May 1, 2013.[1]  After waiving service and receiving an extension of time to answer or

otherwise respond (*see* Doc. Nos. 11 & 19), Defendants filed their Motion to Dismiss Complaint

on September 11, 2013 (*see* Mot. Dismiss).

On September 25, 2013, Plaintiff filed a "Petition for Extension of Time."  (Doc. No. 22.)

Plaintiff sought an extension of 30 days to complete his "reply [*i.e.* response] packet," which was

to include "(2) petitioner's reply [sic] to defendants' motion to dismiss (2) Amended Complaint

(3) Petition for leave to file Amended Complaint, etc."  (*Id.* at 1.)  Plaintiff sought this extension

primarily because he had limited access to the prison law library.  (*Id.*)  However, Plaintiff also

stated that he had "received a mailing from the Court stating that a motion to dismiss has been sent

by defendants' [sic] and this Petitioner has to Amend His complaint."  (*Id.* at 2.)  The court granted

Plaintiff's Petition and extended the deadline for Plaintiff to respond to Defendants' Motion to

Dismiss to November 4, 2013.  (Sept. 26, 2013 Minute Order.)

On October 30, 2013, Plaintiff filed his Amended Complaint.  (*See* Am. Compl.)  On

November 6, 2013, the court entered its Minute Order striking Plaintiff's Amended Complaint.

(*See* Nov. 6, 2013 Minute Order.)  In that order, the court noted that Fed. R. Civ. P. 15(a) allows a

party to amend its pleading once as a matter of course within 21 days after service of a responsive

pleading or 21 days after service of a motion under Rule 12, whichever is earlier.  (*Id.*)  *See also*

Fed. R. Civ. P. 15(a)(1).  At the time, the court did not construe Plaintiff's Petition for Extension of

Time to be seeking an extension of the Rule 15(a)(1) deadline for filing an amended pleading as a

---

[1] On May 13, 2013, Magistrate Judge Boyd N. Boland directed Plaintiff to file a Supplement to his original Complaint.  (*See* Order, Doc. No. 5.) This Supplement was filed on May 30, 2014.  (Doc. No. 6.)

matter of course.  As such, because Defendants' Motion to Dismiss Complaint was filed more than

21 days prior to October 30, 2013, the court found that Plaintiff's Amended Complaint was filed

beyond the time to amend the pleadings as a matter of course.  (*Id.*)  Therefore, the court struck the

Amended Complaint.  (*Id.*)

Plaintiff then filed his November 11, 2013 Letter.  Plaintiff sought clarification from the

court as to why it struck his Amended Complaint despite granting him an extension of time to file

a response to Defendants' Motion to Dismiss.  (*See* Nov. 11, 2013 Letter.)  Plaintiff also expressed

concern over whether this case had been dismissed.  (*See id.*)  The court did not respond to this

letter because it generally does not respond to letters submitted directly to the court.  *See*

D.C.COLO.LCivR 77.2.

## ANALYSIS

"Prior to entry of final judgment, district courts have the inherent power to alter or amend

interlocutory orders."  *Nat'l Bus. Brokers, Ltd v. Jim Williamson Prods., Inc.,* 115 F. Supp. 2d

1250, 1255 (D. Colo. 2000); *see also Fye v. Okla. Corp. Com'n*, 516 F.3d 1217, 1224 n. 2 (10th

Cir.2008) (citation omitted).  "This inherent power is not governed by rule or statute and is rooted

in the court's equitable power to process litigation to a just and equitable conclusion." *Nat. Bus.*

*Brokers*, 115 F. Supp. 2d at 1256 (citation and internal quotation marks omitted).  "Thus, a court

can alter its interlocutory order even where the more stringent requirements applicable to a motion

to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought

pursuant to Rule 60(b) are not satisfied." *Id.*  Interlocutory orders are "subject to revision at any

time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the

parties." *Id.* The court has broad discretion to alter its interlocutory orders. *Id.*

The court finds it necessary to reconsider its September 26, 2013 and November 6, 2013 Minute Orders because it misapprehended the relief sought by Plaintiff in his Petition for Extension of Time. *See Havens v. Clements,* No. 13-cv-00452-MSK-MEH, 2014 WL 1089349, at *1 (D. Colo. Mar. 19, 2014) (a previous order may be altered where it has misapprehended a party's position). While the only relief mentioned explicitly in Plaintiff's Petition was an extension of time to file a "reply," *i.e.* response, to Defendants' Motion to Dismiss Complaint, two other aspects of Plaintiff's Petition suggest that Plaintiff also sought an extension of time to file an amended pleading as a matter of course. First, Plaintiff describes his "reply packet" as consisting of a reply, *i.e.* response; an amended complaint; and a petition for leave to file an amended complaint. Second, Plaintiff's Petition also stated that he received a "mailing" from the court stating that he had to amend his complaint. Although Plaintiff was mistaken in this respect—the court never sent Plaintiff a mailing or order directing him to amend his Complaint—Plaintiff nevertheless stated that he was preparing his Amended Complaint at the time he sent this Petition for Extension of Time to the court.

Plaintiff's November 11, 2013 Letter also confirms the need for reconsideration. Plaintiff's Letter clearly evinces Plaintiff's belief that he had sought and received an extension of time to file his Amended Complaint as a matter of course. (*See* Nov. 11, 2013 Letter.)

In light of these circumstances, the court finds that it mistakenly construed Plaintiff's Petition to seek only an extension of time to file an in-kind response to Defendants' Motion to Dismiss. Instead, granting Plaintiff's Petition the liberal construction required of *pro se* pleadings

and papers, *see Trackwell v. United States,* 472 F.3d 1242, 1243 (10th Cir. 2007), the court should have construed, and does now construe, Plaintiff's Petition to also seek an extension of time to file an amended pleading as a matter of course.

The court also finds that reconsideration of its September 26, 2013 and November 6, 2013 Minutes Orders is necessary to prevent manifest injustice. *See Innovatier, Inc. v. CardXX, Inc.,* No. 08-cv-00273-PAB-KLM, 2011 WL 683822, at *1 (D. Colo. Feb. 16, 2011) (reconsideration of interlocutory orders may be necessary to prevent manifest injustice). Compared with his original Complaint, Plaintiff's Amended Complaint includes a significant number of additional facts in support of his claims. As such, it is readily apparent to the court that Plaintiff filed his Amended Complaint in order to address the deficiencies raised in Defendant's Motion to Dismiss Complaint. The court finds it was manifestly unjust to strike Plaintiff's Amended Complaint when it was submitted consistent with the spirit of Rule 15(a)(1).

As a final matter, the court has searched for Plaintiff via the Colorado Department of Corrections (CDOC) Offender Search and it appears that Plaintiff has been released on parole.[2] Ordinarily, it is incumbent on the party whose address has changed to file notice of their new address with the court. *See* D.C.COLO.LCivR 11.1(d). However, the court believes Plaintiff may not have filed a change of address because he was under the misimpression—based on the absence of a response to his November 11, 2013 Letter—that this case had been dismissed. Accordingly, the court requests that Defendants' counsel obtain an updated address for Plaintiff from the

---

[2] Available at http://www.doc.state.co.us/oss/index.php?ref=home (last visited May 14, 2014).

CDOC.  Therefore, for the foregoing reasons, it is

ORDERED that the court's September 26, 2013 Minute Order (Doc. No. 24) is AMENDED to grant Plaintiff an extension of time through November 4, 2013 to file an amended pleading as a matter of course, pursuant to Rule 15(a)(1).  It is further

ORDERED that, because Plaintiff's Amended Complaint was filed before November 4, 2013, the court's November 6, 2013 Minute Order striking Plaintiff's Amended Complaint (Doc. No. 26) is VACATED and Plaintiff's Amended Complaint (Doc. No. 25) is REINSTATED.  It is further

ORDERED that, because it now responds to an inoperative pleading, Defendants' Motion to Dismiss Complaint (Doc. No. 20) is DENIED as moot.  Defendants shall answer or otherwise respond to Plaintiff's Amended Complaint no later than June 5, 2014.  It is further

ORDERED that, no later than May 29, 2014, Defendants' counsel shall obtain from the CDOC, and file with the court, an updated address for Plaintiff.  The court will serve a copy of this order on Plaintiff upon receipt of Plaintiff's new address.

Dated this 15th day of May, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge